ANISHA S. DASGUPTA
*General Counsel*
MICHELE ARINGTON
*Assistant General Counsel for Litigation*

Michael E Tankersley
Larkin Turner
FEDERAL TRADE COMMISSION
600 Pennsylvania Ave., N.W.
Washington, DC 20580
Telephone: (202) 326-2991
*Attorneys for Petitioner Federal Trade Commission*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br>    Petitioner,<br><br>    v.<br><br>BACHI.TECH CORPORATION,<br>    and<br><br>SPREAD TECHNOLOGIES, LLC,<br>    Respondents | Misc.  No. |

**THE FEDERAL TRADE COMMISSION'S PETITION FOR
AN ORDER TO SHOW CAUSE AND FOR SUMMARY ENFORCEMENT
OF A CIVIL INVESTIGATIVE DEMAND**

Pursuant to Section 20 of the Federal Trade Commission Act ("FTC

Act"), the Federal Trade Commission ("FTC") respectfully petitions this court

for a Show Cause Order to enforce Civil Investigative Demands ("CIDs")

addressed to two companies involved in operating the cryptocurrency exchange

"BitMart": Bachi.Tech Corporation of 101 Hudson Street, Unit 3703, Jersey City, New Jersey 07302, and Spread Technologies, LLC, of 251 Little Falls Drive, Wilmington, Delaware 19808 ("Respondents").  A proposed Order to show cause accompanies this Petition.

The Commission issued CIDs to the Respondents on May 11, 2022, with return dates of June 10, 2022.  Petitioner's Exhibit ("Pet. Exh.") B and C.  Both Respondents unsuccessfully petitioned the Commission to quash or limit the CID addressed to them.  The Commission issued an order denying the petition by Spread Technologies, LLC ("Spread")  on July 18, 2022, and directed Spread to fully comply with the CID no later than July 28, 2022.  Pet. Exh. D.  The Commission issued an order denying the petition by Bachi.Tech Company ("Bachi") on August 9, 2022, and directed Bachi to fully comply with the CID no later than August 19, 2022.  Pet. Exh. E.  The Respondents have made partial productions but have fallen far short of substantial compliance – despite having ample time to comply in the months that have passed since the Commission's orders directing them to comply with the May 2022 CIDs.  The CIDs should be enforced because they satisfy the conditions for enforcement of agency process: (1) they are within the FTC's statutory authority; (2) they seek information reasonably relevant to the agency's inquiry; and (3) they are not unreasonably broad or burdensome.

The FTC relies on the Declaration of Michael E. Tankersley to certify the

facts that are the basis for this petition and which is incorporated herein.

Petitioner has also filed a Memorandum in Support.

## Jurisdiction and Venue

1.      This Court has jurisdiction to enforce the Commission's duly issued

CIDs, including the CIDs issued to Respondents, under Section 20(e) of the FTC Act,

15 U.S.C. § 57b-1(e), which provides in pertinent part:

> Whenever any person fails to comply with any civil
> investigative demand duly served upon him under this section,
> or whenever . . . such person refuses to surrender such
> material, the Commission, through such officers or attorneys
> as it may designate, may file, in the district court of the United
> States for any judicial district in which such person resides, is
> found, or transacts business, and serve upon such person, a
> petition for an order of such court for the enforcement of this
> section.

2.      The Respondents are found, reside, or transact business in this district.

15 U.S.C. § 57b-1(e); 28 U.S.C. § 1391.

## Parties

3.      Petitioner FTC is an independent agency of the United States

Government created by statute.  15 U.S.C. §§ 41–58.  The FTC enforces Section 5(a)

of the FTC Act, 15 U.S.C. § 45(a), which prohibits unfair or deceptive acts or practices

in or affecting commerce.  The FTC has also promulgated and enforces the Standards

for Safeguarding Customer Information Rule, 16 C.F.R. Part 314, pursuant to Title V

of the Gramm-Leach-Bliley Act ("GLB Act"), 15 U.S.C. § 6801 *et seq.*

4.    The FTC is authorized to issue process (including CIDs) requesting materials, answers to interrogatories, and sworn testimony in an investigation to determine if any natural person, partnership, corporation, association, or other legal entity is or has been engaged in unfair or deceptive acts or practices in or affecting commerce.  15 U.S.C. § 57b-1(c).  The FTC is also authorized to investigate and, by its attorneys, to initiate proceedings to prohibit such activities. 15 U.S.C. §§ 45(b), 53(b).

5.    Respondent Bachi is a New Jersey corporation with operations and employees in New Jersey and New York.

6.    Respondent Spread is a Delaware limited liability corporation whose principal officer resides and transacts business in New Jersey.

## The Commission's CIDs and
## Orders Denying Respondents' Petitions to Quash or Limit

7.    The FTC issued CIDs addressed to Respondents on May 11, 2022.  Pet. Exh. B and C.

8.    The CIDs identify the subject of the investigation:

Whether entities marketing or operating BitMart, as defined herein, have engaged in deceptive, unfair, or otherwise unlawful acts or practices in connection with the advertising, marketing, offering for sale, or sale of currency exchange services in violation of the FTC Act, 15 U.S.C. § 45, or violated the Gramm-Leach-Bliley Act, 15 U.S.C. §§ 6801-27; and whether Commission action to obtain monetary relief would be in the public interest. See also attached resolutions.

9.     The CIDs were issued pursuant to three Resolutions authorizing the use of compulsory process in aid of investigations of violations of statutes under which the Commission has enforcement authority:

a)     Resolution No. 2123125, authorizing investigation of the marketing of goods and services on the Internet in violation of Section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45, as amended, or any statutes or rules enforced by the Commission;

b)     Resolution 1823036, authorizing investigation of deceptive or unfair acts or practices related to consumer privacy and/or data security in violation of  Section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45, as amended; and

c)     Resolution No. 0023284, authorizing investigation of acts or practices in violation of Title V of the GLB Act, 15 U.S.C. §§ 6801-6809, 6821-6827, the Privacy of Consumer Financial Information Rule (16 C.F.R. pt. 313), the CFPB's Regulation P (12 C.F.R. pt. 1016), the Safeguards Rule (16 C.F.R. pt. 314), and deceptive or unfair acts or practices with respect to the privacy or security of consumer information in violation of Section 5 of the FTC Act, 15 U.S.C. § 45.

10.     To respond to the document requests in the CIDs, a person with knowledge of the facts and circumstances relating to the production by each Respondent is required to certify that all of the documents, information, and tangible

things required by the CID which are in the possession, custody, control, or knowledge of the person to whom the demand is directed have been produced and made available to the FTC's custodian.  15 U.S.C. §  57b-1(c)(11).

11.     To respond to the interrogatories in the CIDs, a person responsible for answering for each Respondent is required to certify that, unless reasons for objection have been stated, the written answers provide all information required by the CID in the possession, custody, control, or knowledge of the person to whom the demand is directed.  15 U.S.C. §  57b-1(c)(13).

12.     The CIDs that the Commission issued to Respondents on May 11, 2022, direct Respondents to provide a Certificate of Compliance in which a person with knowledge of the facts and circumstances relating to their responses certifies that responses are complete.  Pet. Ex. B, C at 2.

13.     When FTC CIDs require the production of electronically stored information ("ESI"), it must be produced in accordance with instructions provided by FTC staff regarding the manner and form of production.  16 C.F.R. § 2.7(j).  The Commission's CIDs to Respondents include requirements for the production of ESI responsive to the CIDs.  Pet. Ex. B, C at 16 (Instruction I-10).

14.     Respondents filed petitions to quash or limit the CIDs that argued, among other things, that the information and documents sought by the CIDs are not reasonably relevant to the FTC's inquiry and that the CIDs are unduly burdensome.

15.     In their petitions to quash or limit, Respondents' acknowledged service of the CIDs and did not dispute that the FTC has jurisdiction to conduct the investigation identified in the CIDs, or dispute that the CIDs had been issued and served in accordance with Section 20 of the FTC Act.

16.     In their petitions to quash or limit, Respondents stated that they intended to cooperate as fully as possible with the FTC's investigation of BitMart.

17.     On July 18, 2022, the Commission denied Spread's petition in an opinion that, among other things, found that the information and documents sought by the CIDs are reasonably relevant to the FTC's inquiry and that the CID's specifications are not indefinite or unduly burdensome.

18.     On August 9, 2022, the Commission denied Bachi's petition in an opinion that, among other things, found that the information and documents sought by the CIDs are reasonably relevant to the FTC's inquiry and that the CID's specifications are not indefinite or unduly burdensome.

19.     The Commission's order denying Spread's petition to quash or limit the CID directed Spread to comply in full with the Commission's CID to Spread no later than Thursday, July 28, 2022, at 9:00 a.m. (Eastern Time), or at such other date, time, and location as the Commission staff may determine.

20.     The Commission's order denying Bachi's petition to quash or limit the CID directed Bachi to comply in full with the Commission's CID to Bachi no later

than Friday, August 19, 2022, at 9:00 a.m. (Eastern Time), or at such other date, time, and location as the Commission staff may determine.

### The Respondents' Failure to Comply with the CIDs

21.     Neither Respondent has fully complied with the CIDs.

22.     Bachi has not provided any sworn certification in accordance with the CIDs in which a person with knowledge certifies that Respondent's response to the CID, or even a response to any part of the CID, is complete.  Spread produced a certification, separate from its four interrogatory responses, that states that the company has provided responsive information or objections, while maintaining that Bachi will produce "any further materials" responsive to the CID.  A copy of the certification is marked as Petitioner's Exhibit O.  The certification is not attached to, or contemporaneous with, the four interrogatory responses that the Commission has received.  These interrogatory responses are facially incomplete.

23.     Since July 28, 2022, Respondent Spread has tendered partial responses to the CID interrogatories and has produced 280 pages of documents, but has not substantially complied with the CIDs issued on May 11, 2022.  To date, Spread has failed to provide even partial responses to twenty of the CID interrogatories and nineteen of the CID document requests, and has given only incomplete responses to other specifications of the CID.

24.     Since August 19, 2022, Respondent Bachi has tendered partial responses to the CID interrogatories and has produced some documents, but has not substantially complied with the CID issued on May 11, 2022.  To date, Bachi has failed to provide responses to six of the CID interrogatories and eight of the CID document requests, and has given only incomplete responses to other specifications of the CID.

25.     Respondents' failure to comply fully with the CIDs has delayed and impeded the Commission's investigation.

26.     The FTC has not sought the relief requested herein in this or any other court.

**Prayer for Relief**

WHEREFORE, the Commission invokes the aid of this Court and prays for:

1.  Immediate issuance of an order, substantially in the form attached, directing Respondents to comply with the CIDs and provide sworn certification that their production of documents and responses to interrogatories are complete, or to show cause why they should not be required to comply with the CIDs;

2.  In the event Respondents do not comply with the CIDs, prompt determination of this matter and entry of an order directing Respondents to comply with the CIDs and provide sworn certification that their production of documents and responses to interrogatories are complete within 10 days of entry of such order; and

3. Such other relief as this Court deems just and proper.

Respectfully submitted,

ANISHA S. DASGUPTA
*General Counsel*

MICHELE ARINGTON
*Assistant General Counsel for Litigation*

/s/ Michael E Tankersley
Michael E Tankersley
Larkin Turner
*Attorneys for Petitioner*
FEDERAL TRADE COMMISSION
600 Pennsylvania Ave., N.W.
Washington, DC 20580
Telephone: (202) 326-2991; (202) 326-2156
mtankersley@ftc.gov; lturner@ftc.gov

November 4, 2022