**COVINGTON**

BEIJING   BRUSSELS   DUBAI   FRANKFURT   JOHANNESBURG
LONDON   LOS ANGELES   NEW YORK   PALO ALTO
SAN FRANCISCO   SEOUL   SHANGHAI   WASHINGTON

Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 6000

**Via Electronic Mail**                                                                November 10, 2022

The Honorable Michael A. Hammer
United States District Court
Martin Luther King, Jr. Federal Building
50 Walnut Street
Newark, New Jersey 07101

        **Re:  Federal Trade Commission v. Bachi.Tech Corporation et al,
            Case No. 2:22-cv-06463**

Dear Judge Hammer:

      Our firm represents Respondents Bachi.Tech Corporation and Spread Technologies LLC in connection with the Petition filed in the above-captioned proceeding on November 4, 2022 to enforce compliance with two Civil Investigative Demands ("CIDs") served by the Federal Trade Commission ("FTC").  For the reasons set forth below, Respondents request that the Court defer action on the Petition until Respondents have an opportunity to respond in writing to the Petition, which Respondents propose to do by December 5, 2022.

      This is not a matter in which Respondents dispute the FTC's jurisdiction, its ability to issue the CIDs, or the scope of the majority of the requests in the CIDs.  Respondents have been making productions of documents and information in response to the CIDs on approximately a weekly basis and expect to complete full compliance with the CIDs in the coming weeks.  In the meantime, Respondents have been in regular contact with the FTC and have kept the FTC updated regarding Respondents' productions.

      In light of Respondents' compliance with the CIDs, Respondents requested that the FTC consent to defer Respondents' response to the Petition until a date in January, by which time Respondents expect that the Petition will be moot because Respondents will have completed their productions.  The FTC indicated that it would not agree to a January response date or to any other response date, and that, in the FTC's view, the Court should enter the proposed order attached to the Petition without giving Respondents an opportunity to respond.

      The Court should decline the FTC's request to enter its proposed order.  The proposed order contains numerous objectionable provisions, and the FTC has not even attempted to show that entry of those provisions is warranted before Respondents have an opportunity to respond to the Petition.  For example, the proposed order requests that Respondents be directed to comply in full with the CIDs by a date certain, which the Petition suggests should be 10 days from the Court's order.  ECF No. 1-1 at 2; ECF No. 1 at 9.  But even though Respondents are acting as quickly as possible to complete compliance, a 10-day deadline is simply unrealistic,

**COVINGTON**

The Honorable Michael A. Hammer
November 10, 2022
Page 2

especially with respect to aspects of the CIDs that are overbroad or unduly burdensome. In the alternative, the proposed order requests that the Court set a show-cause hearing, ECF No. 1-1 at 2-3, but there is no basis for such a hearing where, as here, Respondents are in the process of complying with the CIDs and expect to complete compliance in a matter of weeks. The proposed order also contains unwarranted provisions that purport to restrict the arguments that Respondents may assert in response to the Petition, among other issues. *Id.*

As discussed above, in the interest of fairness, efficiency, and conserving judicial resources, it would be sensible for Respondents' response to the Petition to be deferred until a date in January, by which time Respondents expect to have completed compliance with the CIDs. But Respondents are prepared to respond long before then, by no later than December 5, 2022. That is the first date on which Respondents would have been required to respond had the Petition been noticed as a motion subject to L.R. 7.1(d). Based on the Petition's filing date of November 4, 2022, the first available motion day would have been December 5, 2022, which would have made Respondents' response due on November 21, 2022. Respondents would have been entitled, however, to a 14-day adjournment of that motion day pursuant to L.R. 7.1(d)(5), resulting in a deadline of December 5, 2022.

For the reasons set forth above, Respondents request that the Court decline to enter the FTC's proposed order and instead set a deadline of December 5, 2022 for Respondents' response to the Petition.

Respectfully submitted,

/s/ David A. Luttinger, Jr.

David A. Luttinger, Jr.
Michael M. Maya
*Counsel for Respondents*